## NEPHI IRRIGATION COMPANY; APPELLANT, *v.* RICH-ARD JENKINS AND ANOTHER, RESPONDENTS.

WATERS.— IRRIGATION.— DECREE.—CERTAINTY.—In a suit over contested water rights and appropriations of water for useful purposes, the share and interest of each claimant as ascertained by the evidence should be declared and settled.

ID.— ID.— ID.— UNCERTAINTY.—Where the court found that the defendant J. was the prior appropriator of a portion of the water in dispute and found as a conclusion of law that he was entitled to the use of the water to the extent of his prior appropriation, but did not ascertain how much the appropriation was, because unable to do so from the evidence; *held* that the findings and decree thereon were erroneous as they did not settle the rights of the parties.

CONSTITUTIONAL LAW.— JURISDICTION.— DISTRICT COURTS OF TERRITORY.— Under the acts of Congress granting to the district courts of the Territory exclusive original chancery jurisdiction, since the jurisdiction of a court comprises the powers it may lawfully exercise, and since the courts of chancery have the inherent power to refer a cause to a master to take the testimony and report findings, the district courts of the Territory have this power exclusive of the statute upon the subject of reference, §§ 3383 to 3390, 2 Comp. Laws, 1888.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Mr. Charles S. Varian,* for the appellant.

*Mr. Jacob Johnson* and *Messrs. Rawlins and Critchlow,* for the respondent.

24

ZANE, C. J.:

In this action the plaintiff claims the exclusive right to the use of the waters of Salt creek. in Juab county. It alleges that about 1851 numerous persons residing on lands in and about Nephi appropriated all of its waters to their irrigation, and agreed to act as an association; that they and their successors continued such appropriation until December 10, 1883, when a majority of them, with the knowledge and consent of all, incorporated under the name of the Nephi Irrigation Company; that afterwards, from time to time, all of them conveyed, or agreed to convey, their several rights to such waters to. the corporation, and consented to the distribution of them according to the custom of the unincorporated association; that, with the consent of all, they were distributed first by agents appointed by the unincorporated association, and afterwards by agents appointed by the plaintiff; that, except the wrongful interference of the defendants, the plaintiff, ever since its incorporation, has been in the exclusive possession and actual control of all the waters of Salt creek and its tributaries, for the purpose of making equitable distribution of them; that the defendants have no right to the use of any portion of them; that they are wrongfully diverting the same; and that all of such waters are required by the plaintiff for the use of such persons. The defendants answered, denying all of the material allegations of the complaint, and alleged that the defendant Richard Jenkins had the prior right to one per cent of the waters of the creek and its tributaries; that the other defendant was his tenant,—and prayed that the prior right to the one per cent might be decreed to defendant Jenkins, and that such right might be quieted and confirmed in him. On the hearing of the cause, there was considerable evidence on the issues, and much of it was conflicting. from it the court found the following fact: "That the

defendant Richard Jenkins is the prior appropriator of a portion of the waters of said creek, the exact amount of which, from the evidence, the court is unable to state,"— and, with others, stated the following conclusions of law: "That the defendant Richard Jenkins is entitled to use, of the waters of Salt creek, a quantity equal to the amount appropriated by him (the exact amount the court is, as at present advised, unable to state); that the plaintiff's bill of complaint should be dismissed, with the costs against the plaintiff; and that the injunction heretofore issued should be dissolved,"— and made the following decree: " It is ordered, adjudged, and decreed that the plaintiff take nothing by their action, but that the complaint be, and the same is hereby dismissed, and the injunction dissolved, and that the plaintiff pay the costs of this suit, taxed at the sum of $105.95; that the defendant Richard Jenkins be, and he is hereby adjudged and decreed to be entitled to take and use, of the waters of Salt creek, an amount of water equal in quantity to the amount of his prior appropriation, and that he recover his costs in this action, taxed at the sum of $105.95." The plaintiff excepted to this decree and appealed from it, and assigns the giving of it as error.

The respondents, in their answer, denied the exclusive right of complainant to the waters in question, and alleged that the defendant Jenkins was entitled to one per cent of them. This new fact, under our rules of pleading, was regarded as denied. The court was called upon to find upon the issue so made, and to settle the rights of the parties. If the evidence established that the respective parties had each appropriated a portion of the waters in dispute, and had a right to its use, the share and interest of each should have been ascertained. The rights in dispute should have been declared and settled by the decree. The court found that the defendant Richard Jenkins was the prior appropriator of a portion of the waters in dispute,

but was unable to find more. The decree declares that Jenkins is entitled to the use of the waters he had appropriated, but does not ascertain how much that was. The findings and decree are incomplete and indefinite. The issues of fact are not found, the conclusions of law are not stated, and the rights of the parties are not ascertained and settled by the decree. For these reasons it is erroneous. *Holman* v. *Pleasant Grove, ante.*

It appears from the opinion found in the record that the court was unable to determine, from the evidence how much of the water the defendant Jenkins was entitled to. The court did say, however, that the rights of the parties could have been definitely ascertained, if they had agreed to a reference of the case to a master for investigation and report. If the court was unable to reach a conclusion as to the facts in issue, we are of the opinion that it was its duty to call a special master to its aid, without the consent of the parties. "If the court is in doubt concerning the facts, it may direct a feigned issue, or an action at law, or a reference to a master, to aid it in determining the same." 1 Fost. Fed. Pr. (2d Ed.) § 300. "The labors of a judge of a court of equity are often materially lightened by referring the consideration of matters of fact to a master in chancery, who is directed by it to investigate the same, and report his opinion thereon to the court." Id. § 307. Section 1868, Rev. St. U. S., provides that "the supreme court and the district courts, respectively, of every territory, shall possess chancery, as well as common law, jurisdiction." The second clause of § 3 of an act of Congress relating to courts and judicial officers in the Territory of Utah, approved June 23, 1874, declares that "the district courts shall have exclusive original jurisdiction in all suits or proceedings in chancery." In *Basey* v. *Gallagher*, 20 Wall. 670, the court, by Mr. Justice FIELD, referring to the code of Montana, said: "The relief which the law affords must still be administered through the intervention of a

jury, unless a jury be waived. The relief which equity affords must still be applied by the court itself, and all information presented to guide its action, whether obtained through a master's report or findings of a jury, is merely advisory." Under § 7 of an act of Congress in force March 3, 1887, giving this court, in the case of *Church of Jesus Christ of Latter-Day Saints* v. *U. S.*, all the powers of a court of equity, the Supreme Court of the United States directed this court to refer the case to a master for examination, inquiry, and report thereon. 140 U. S. 665, 11 Sup. Ct. Rep. 884. The powers of a court constitute its jurisdiction, and its jurisdiction embraces all the powers that it may lawfully exercise, and all the lawful action of a court is the exercise of its jurisdiction. In this Territory, law and equity jurisdiction, as we have seen, are conferred on the district courts by the organic act. The territorial legislature may change the pleadings and practice of such courts as to form and mode, merely; but it cannot deprive them of the jurisdiction given in the acts of Congress, or any part of it. Whether the legislature could deprive the district court of authority to call to its aid a master, it is not necessary to decide, as we do not find any territorial enactment in which that has been attempted. The power of a court, in hearing equity causes, to avail itself of the services of a master, is equally well settled as its authority to call to its assistance the services of a jury; and the aid of a master is oftener needed than that of a jury. The decree of the court below is reversed, and the cause is remanded to the district court, with directions to refer the cause to a master for examination and consideration, and with power to receive further evidence, if offered by the parties, or either of them, or on his own motion, and to report all the evidence, with his findings of facts. The court, in its discretion, may also direct him to state his conclusions of law. Any party to the action may appear before such master, and may file exceptions with the

master, to his report, in order that he may correct the same, if required. Such findings and conclusions will not . be binding on the court, being advisory only. Reversed.

MINER, J., concurred.